Good morning, Your Honor. Gerson Simon for Mr. Mendez. How are you, sir? Fine, thank you. In this case, Your Honor, I submit that if my client was to be convicted of anything here, it should not have been second-degree murder. In this particular case, as the Court knows, he went to trial originally with two other defendants. They were acquitted of first-degree murder, and then they were convicted of second-degree murder, but their convictions were overturned. Thereafter, they went to trial separately. The two co-defendants were each convicted of voluntary manslaughter. My client was again convicted of second-degree murder, yet the evidence was substantially the same in all the three cases. Counsel, help me sort out this conspiracy theory issue. The conviction was for second-degree murder. But as I understand it, if the theory under which he was actually tried turned out to be conspiracy, then, in effect, he was convicted of conspiracy. Does that make sense? Your Honor, it indicates that you understand substantially what occurred in this case. In this case, the defendant was charged with second-degree murder and attempted second-degree murder, but the jury was instructed on a conspiracy charge. Rather, given a conspiracy instruction, which, in effect, was to indicate that the jury could convict my client if they agreed that he conspired with others to murder or commit attempted murder. Well, under California state law, can that conspiracy, if the jury so found, I mean, just assuming that it was open and shut and the jury found that, does the conviction become a conviction for second-degree murder or a conviction for conspiracy? Is it a separate crime or is it the same crime, in effect? He wasn't expressly charged with conspiracy to commit second-degree murder. But so he was, as a matter of record, he was convicted of second-degree murder. Okay. But the Court is well aware that in the Cortez case, the California Supreme Court ruled that conspiracy to commit second-degree murder and attempted second-degree murder is invalid. It's not a crime. So as a result, my client was convicted of three crimes that didn't exist, three nonexistent crimes. Well, they don't exist today as a result of the Cortez decision. Is that right? Yes, Your Honor. Okay. Now, so the real question, then, is whether Cortez is retroactive. Yes, Your Honor. I submit that it is retroactive. Okay. Now, is that because you submit that it's retroactive because it's required to be retroactive by the U.S. Constitution or because California itself has determined that it's retroactive but you didn't get the benefit of that rule? California, the Cortez Court, did not state whether or not it was retroactive. But under the Constitution, in the particular cases dealing with such an issue, I cite Bosley case and the Bailey case. Under these cases, when a court interprets a particular statute or makes the decision that renders an act once prescribed to be a crime no longer a crime, then that automatically relates back as if that crime never existed. And how far back does that go, people who have been in for? From the beginning. So everybody else has to be let out even if they've been in jail for 20 or 30 years. Well, as a practical matter, I can't address myself to that particular issue, but only to the, because there may be other factors dealing with whether or not somebody in the distant past was convicted. But if you look, if the court submitted the Bailey case, it's conceptually similar. In that particular case, as the Court notes, the defendant was charged with using a firearm in the commission of an offense. And the jury was instructed that all they had to do was possess the firearm to be convicted of the offense. And the Supreme Court reinterpreted that particular statute and held that it's not enough that he just possessed the firearm. There has to be active use of the firearm. He has to actively employ it. And as a result, the Court held that he was convicted of a nonexistent offense because the jury instructions were defective. Counsel, what is the effect of the Cleve case in this case? That's an interesting case. In Cleve, the defendants were charged with similar to the case in here before the Court. In Cleve, the defendants were charged with first-degree murder. And the jury was instructed that they could convict the defendant based on a conspiracy to commit first-degree murder. But the result was that the jury acquitted the defendant of first-degree murder and convicted him of second-degree murder. And so the issue on appeal was whether or not under the Cortez ruling that a person cannot be convicted of conspiracy to commit second-degree murder, whether that was he was unlawfully convicted based on the defective jury instructions. Well, the majority in that particular case went on to hold that a person charged with first-degree murder, and who is acquitted but thereafter is charged with second-degree murder, but the jury is also instructed, given a conspiracy instruction, that they could convict him of conspiracy to commit second-degree murder is substantially equivalent to a first-degree murder case. And therefore, the Court held that the only reason why the defendant in that particular case was convicted of second-degree murder rather than first-degree murder is because of the sense of leniency by the jury. They wanted to give him a lesser sentence. And so the Court said he was not convicted of a non-in effect said that he was not convicted of a nonexistent crime. But, of course, the dissent in that case, you know, disagreed quite strongly with that position. But we are bound by the majority. Pardon? We are bound by the majority. Yes, Your Honor. I understand that. And what do we do about that? Well, as far as Cleave goes, that case is not applicable to this particular case. And why is that? Because in Cleave, the defendant was charged with both first-degree murder and second- rather, first-degree murder, and the jury came back with, as I said, a conviction for second-degree murder based on the conspiracy instructions. Now, in this case, the defendant, unlike Cleave, was charged only with second-degree murder. He had been previously acquitted of first-degree murder. So, therefore, the reasoning behind the Cleave majority decision is not applicable in this particular case because the jury did not have a choice as to whether to convict the defendant of first-degree murder or second-degree murder as they did in the Cleave case. They only had one choice, whether to convict them of second-degree murder or a lesser offense. So, in other words, the reasoning in Cleave is not applicable to this case because the jury was not given a choice of whether to convict them of first-degree murder or second-degree murder and, let's say, convict them of the lesser offense because of some sense of leniency towards the defendant. And also, since you brought up Cleave, I would submit that Cleave, on the other hand, supports my client's double jeopardy argument, which was an uncertified issue. But I brought it up because I agreed with my client that it was a meritorious issue because, as I said, under Cleave, the defendant was convicted of the equivalent crime of first-degree murder. Now, so that means he was also convicted of first-degree murder in this case. But under double jeopardy, a person cannot be tried twice for the same crime. But wasn't he acquitted of first-degree, not second-degree? In this particular case, the case of Bench or the Cleave case? Oh, here. I'm talking about you mentioned this is the uncertified issue that you're speaking to. Yes. I have a hard time understanding why there's double jeopardy. Well, I have two theories there, Your Honor. One is under the – as I was just explaining, this is sort of a rough argument in the sense that – Okay. Maybe that's why I'm having a hard time. In the sense it's not – I can't – there's no authority for what I'm arguing. It's just that under Cleave, the court considered first-degree murder and conspiracy to commit second-degree murder the same crime. Right. So as a result, if my client was convicted of second-degree murder, he was in effect convicted of also first-degree murder, which would be in violation of double jeopardy because he had previously been convicted – I mean acquitted of first-degree murder. In other words, he was being tried twice for the same crime. Thank you very much. Time is up. Thank you. Thank you, Your Honor. May it please the Court. Deputy Attorney General Sharon Rhodes appearing on behalf of the warden. The district court's decision here to dismiss the petition and deny it on its merits was proper.  Is it clear that if Cortez were to apply to this case, the convictions would have to be reversed? No. Not at all. One thing that needs to be cleared up is Cleave – Do you want to explain why? Yes. Cortez – the only issues decided in Cortez related to the crime of conspiracy itself. Cortez did not deal with whether or what types of conspiracy theories can support murder charges. In California, murder is totally a separate crime from conspiracy to commit murder. They have different elements and different standards of proof. Now, I'm really confused about how this all comes together because it seemed to me that the charge was second-degree murder, but the instructions were in conspiracy. How does that sort out under state law? Okay. Under state law, you can have several theories of liability to support a murder conviction, and you're not required to agree – the jury's not required to agree as to the theory. All they just have to agree that you committed the murder. What happened here is they charged – But the conviction will say second-degree. Yes, correct. Okay. What they did here is in the first trial, they did have to decide the degrees, and they decided second, and it was reversed on a totally different issue having to do with improper admission of evidence. It comes back here, and the jury doesn't have to decide a degree because he's only being tried on for second-degree murder, so there's no decision for the jury to make in that instance. When they use the conspiracy instructions, they never – either in the first trial or in the current trial, it's a theory of liability. They never said to the jury that the target crime is either first-degree or second-degree murder. They didn't define it that way. What they did is they defined the conspiracy target crimes to be criminal homicide, felonious assault, fighting in public, and tell the jury that a conspirator can be responsible not only for the target crimes but for the crimes which are the natural and probable consequences of those acts. And instructions defined the natural and probable consequences as being the charged offenses. So here, what the jury was faced with, they were – they could either find the defendant responsible on a direct perpetrator, or a air embedder, or a co-conspirator. And Cortez never decided the issue as to what are the proper theories of liability for murder. Basically, what Cortez said, and the issue before Cortez was, is conspiracy to commit murder, which is a different crime than murder, can that crime be divided into degrees? And they said, no, it's just a unitary crime, just like attempted murder. There's only attempted murder that's not attempted first or second. Just attempted murder, same with conspiracy. It's just conspiracy to commit murder. And the second question they decided was on instructions. Do we have to instruct on premeditation and deliberation? And they said, no, the instructions as given for conspiracy already take that into account because of the requirement that you agree to form this conspiracy and you agree to commit a crime and you specifically intend to commit a crime. So the charged crimes in this instance were natural and probable consequences of what they defined as the target offenses. So we don't have here, as in the Cortez case, when you're actually dealing with the crime of conspiracy, if he was never charged, nor was he ever convicted of a crime of conspiracy. It's just a theory of liability, one of many that the jury had to pick from. So Cortez doesn't actually control and tell to say that conviction was invalid, even if the jury relied on that theory. Basically, also what happened was the prosecution ended up proving too much than it had to prove for a conspiracy theory underlying secondary murder. They really didn't have to prove that much for second degree. But that's what happened in effect here. Where does Cleave fit in from your point of view? Well, for Cleave, for our point of view, actually, this case is a lot stronger than Cleave was. And as far as looking at the habeas standard, which this Court under ADEPA has to do, if a case with Cleave, which did not even involve murder charges,  basically they pulled him over for a traffic stop. And they found basically a hit list and his weapons and everything. He was charged for conspiracy to commit murder. And the jury was given a choice in that case of first or second degree as a conspiracy charge, not murder at all. And in that one trial, what the jury decided is they acquitted him of conspiracy to commit first degree and convicted him of conspiracy to commit second. And what this Court decided in that case was that whether this is a new rule or an old rule, it doesn't matter because whether the decision applies retroactively or not is a decision for the California State courts. It's not a Federal rule. The United States Supreme Court has only established that Federal constitutional criminal procedure rules that are under the Federal Constitution must be applied retroactively. The U.S. Supreme Court specifically said that States are free to apply their rules on retroactivity as to their own. That the Constitution has no basis for telling them how to do that. So that's not a Federal question here on the rule of retroactivity because Cortez is not based on any Federal constitutional principle. It's just a State court deciding how to define its crime of conspiracy to commit murder. Kennedy. But you agree that if the ones the State court says this is a crime and this is not a crime, it can't take the next case that comes along and say we're not going to apply that rule to that case. If it was a conspiracy charge, certainly he could not. Assuming it's exactly the same. A murder case? Yeah. Assuming it holds, it adopts a rule that says this is not a crime. Okay. If an identical case comes along on direct review, it can't simply say, well, we choose not to apply that rule. Once it says this is not a crime, it's not a crime for everybody. And it has to include everybody whose conviction is not final at the time the decision is made. It may or may not apply to vacate past convictions, but surely anybody whose conviction is not Well, in this instance, whether California applied it to this case on the petition for review is unclear. And it could have applied it and still not granted relief. You're not answering my question. But if the case is, if the California Supreme Court comes down and says the crime of conspiracy to commit murder is a unitary crime, isn't divided into degrees. If there's a case up on appeal at that time that had a conviction for conspiracy to commit second-degree murder, yes, they would be not, that would be a nonexistent crime and it would have to be retried. But that is not what we have here. We don't have It would have, as a matter of Federal constitutional law, they can't let that conviction stand having once declared that's no longer a crime. Well, that would be a problem. That's not a retroactivity question. That is simply a question of applying existing law to pending cases. Right. As far as what are the elements of the crime and what is the crime or not. But that's not the case we have here. The crime here is murder based on, could be based on several theories. And California has never said in Cortez, because they didn't deal with the issue, has never said that applying conspiracy theories to underlying murder charges. Okay. So what you have here, in a sense, was all they said is what are the required instructions for conspiracy. But actually this Court did, even though they never talked about it in degrees. And if those instructions are properly given, which is how this Court found in Cleave that those instructions are properly given, then there is no problem as far as a due process problem, because it's given all the proper instructions, so there's no problem there. And what happened, in a sense, was that in this case the prosecution ended up proving too much than it needed to prove for second degree murder, because it wasn't required to prove that. Thank you. Thank you. Oh, and I just wanted to, just one thing clear, and I'm not sure if I mentioned this here, is that in the first case, just to address this double jeopardy claim really quick, he was acquitted of first degree murder. He was never retried on it. He was never punished for first degree murder. So there is not a double jeopardy problem in this case. And we request that the Court confirm the judgment of the district court. Thank you. Simon, would you like a minute for a button? Please do, Your Honor. Thank you. Counsel stated that there's a big difference between Cortez in this case, in that the defendant was not charged with conspiracy to commit murder, but the jury was instructed on the theory of conspiracy to commit murder. But I think what counsel is saying is that you can use conspiracy as a way of proving the substantive crime of murder. Conspiracy is one theory of how you become liable for murder. Accomplice being another one, being a principle is another one. I mean, there are various theories, and this happened to be a trial for the same conspiracy as the theory for conviction. Yes, Your Honor. You can use conspiracy to commit first degree murder, but not second degree murder. And in this particular case, we don't know what theory the jury used in convicting my client of second degree murder. There was different evidence. So if the jury, they couldn't convict him of first degree murder, because, as you know, he was already acquitted of that. So the question is... Well, why is this a case, just like counsel suggests, where the government simply proved up more than it had to? Well... It actually sort of proved up what would have been my other first degree murder, but in fact, they didn't need to prove as much as they did. Well, I understand counsel's theory, but it's defective for this reason. We don't know what evidence the jury relied on in convicting my client of second degree murder. It could have been evidence that a co-defendant actually who, against which, where the evidence was particularly incriminated him because he was actually the only one who was seen with a knife. The jury in this case ruled or made a finding that my client did not use a knife in the commission of the crime. So the only reason why my client could have been convicted was based on a vicarious liability. So if they did that, if that's the basis, then he was convicted of conspiracy to commit second degree murder. And that's why this case is so much different. But he wasn't. He was convicted of second degree murder. He was not convicted of conspiracy. No, but he was given the... They were instructed on a conspiracy that they could find him guilty of second degree murder based on a conspiracy theory, which is impermissible. But the distinction opposing counsel draws, which I find persuasive, and maybe you can talk me out of it, is there's a difference between saying you're guilty of conspiracy and using conspiracy as a theory of committing another substance of crime. They sound the same. They sound similar, but they really are quite different. Well... And what you said happened in this case is he got convicted of a substance of crime on a conspiracy theory. Well, I understand what the Court is saying. But when you use a theory, an instruction to the jury that they can convict a person of second degree murder based on a conspiracy theory, I don't see how that's any different than charging a person with conspiracy to commit second degree murder. It all boils down to what evidence is the jury using. I think that's the note of the matter, isn't it? I think we understand. Thank you. Thank you very much. Cases are used and submitted.
judges: Kozinski, O'scannlain, Bybee